UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MAURICIO VALENCIA,

    Plaintiff,

v.

DHL EXPRESS (USA) INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Mauricio Valencia ("Mr. Valencia" or "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant DHL Express (USA) Inc. ("DHL") for damages caused by DHL's discrimination against Mr. Valencia based on his national origin, sex, and age and alleges as follows:

**PARTIES, JURISDICTION, and VENUE**

1. Plaintiff is a 53-year-old single man, who at all times relevant here resided in, and continues to reside in, Miami Dade, County, Florida. Plaintiff was a DHL employee working out of DHL's operations hub in South Florida at Miami International Airport ("MIA") until DHL terminated him on or about May 2, 2023.

2. DHL is incorporated in the states of Delaware and Ohio, and maintains its principal place of business in Plantation, Broward County, Florida (although DHL's operations hub is at MIA).

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims herein arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (the "Civil Rights Act") and The Age Discrimination in Employment Act, 29 U.S.C. § 621,

*et seq.* (the "Age Discrimination Act").

4. The Court maintains further subject matter jurisdiction under 28 U.S.C. § 1343(a)(4).

5. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) in that such claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) in that the unlawful employment practices alleged herein occurred in the Southern District of Florida.

## SATISFACTION OF CONDITIONS PRECEDENT

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging DHL discriminated against him based on his national origin, sex, and age. Plaintiff received a Dismissal and Notice of Rights from the EEOC, and this action was instituted within ninety (90) days of receipt thereof. *See* **Exhibit A**.

## FACTUAL ALLEGATIONS

8. Mr. Valencia started working at DHL in May 2020 as a Supervisor at MIA. Shortly thereafter, in January 2021, DHL promoted Mr. Valencia to Manager due to his diligent work ethic and innovative ideas which improved the performance, productivity, and safety of DHL and its employees.

9. Mr. Valencia's impressive accomplishments include developing the on-the-job training pilot program for MIA -- which worked so well it was used systemwide in DHL's airport hubs (including at DHL's main hub in Cincinnati after Mr. Valencia was asked to and made a presentation there). In addition, as a result of his hard work and persistence, Mr. Valencia was also able to obtain ULD Certification (for the containers and pallets used by DHL) at MIA -- which had not been achieved in the previous five (5) years. Moreover, Mario Ho (a Director at MIA) praised

Mr. Valencia for reducing the incidents/accidents at MIA as a result of Mr. Valencia's innovative improvements to the ramp operations there.

10.     Based on his above referenced hard work and accomplishments, Mr. Valencia received excellent employee reviews from DHL.  Nevertheless, DHL terminated Mr. Valencia on May 2, 2023 (when he was fifty-two years old).  DHL replaced Mr. Mauricio with a much younger person; and, upon information and belief, it is DHL's custom and practice to replace their older employees with younger employees based on their age even if these older employees had excellent job performance.

11.     Given his persistent and successful efforts to benefit and improve DHL (as reflected in DHL's excellent employee reviews of Mr. Valencia), DHL's termination of Mr. Valencia was *not* based on his job performance.

12.     Rather, DHL manufactured a baseless excuse to terminate Mr. Valencia.  The pretext concocted by DHL to terminate him was to accuse Mr. Valencia of violating a DHL rule relating to the disclosure of personal relationships.  Mr. Valencia believes this was DHL's official reason for terminating him but is not certain because, although DHL informed Mr. Valencia it was investigating him for allegedly violating this disclosure rule, DHL failed to provide Mr. Valencia with a termination letter or conduct an exit interview (despite being required to do so under DHL's rules).  Instead on treating him with respect and professionalism, DHL escorted Mr. Valencia out of MIA in front of many of his former co-workers to embarrass him.

13.     Mr. Valencia did not violate the disclosure rule regarding personal relationships (assuming this was DHL's undisclosed reason for terminating Mr. Valencia).  Upon information and belief, this rule (which DHL used to pretextually terminate Mr. Valencia) is that disclosure is only required when the personal relationship is between a manager and a direct report, or someone within the manager's chain of command; but disclosure is *not* required where the co-employees are

at the same employment level.

14. Mr. Valencia did not violate this rule. Although he had a brief personal relationship with a female DHL employee, they were at the same employment level at the time (*i.e.*, Supervisors). This relationship, however, ended before Mr. Valencia was promoted to Manager in January 2021 (more than two years before DHL illegally terminated Mr. Valencia).

15. Simply put, Mr. Valencia had nothing to disclose to DHL since the personal relationship ended before the female employee was in Mr. Valencia's chain of command. Thus, DHL's putative basis to terminate Mr. Valencia was a pretext to illegally terminate him.

16. Tellingly, the female DHL employee with whom Mr. Valencia had a personal relationship was not terminated (although, upon information and belief, she did not disclose their pre-2021 relationship). In addition, upon information and belief, DHL Director Zarahys Leon had an affair with a married male DHL Supervisor (in Ms. Leon's chain of command); yet neither was terminated (notwithstanding that it is unlikely either party disclosed their illicit sexual relationship). Moreover, upon information and belief, non-party Robert Garcia ("Garcia"), a DHL employee, had an affair with a married DHL employee; yet he also still works for DHL today (notwithstanding that it is unlikely either party disclosed their illicit sexual relationship).

17. Garcia is the DHL employee who baselessly triggered DHL's investigation of Mr. Valencia. Upon information and belief, Garcia did so by threatening and harassing the female DHL employee with whom DHL accused Mr. Valencia of having a personal relationship (which, as shown above, Mr. Valenica was not required to disclose).

18. Mr. Garcia is of Cuban descent, and Mr. Valencia's national original is Columbian. Mr. Garcia has a history of treating non-Cuban employees (especially Hispanic employees not from Cuba) as inferior to those with the same national origin as Mr. Garcia.

19. In sum, Mr. Valencia did not violate the rule DHL accused him of violating. Even

4

assuming *arguendo* he did, the disparate treatment described above shows that Mr. Valencia was not terminated for violating DHL's disclosure rule regarding personal relationships. Rather, this purported basis was used as pretext to conceal the fact that DHL chose to illegally discriminate against Mr. Valencia by terminating based on his national origin, sex, an age.

## COUNT I

## DISCRIMINATION UNDER THE CIVIL RIGHTS ACT

20. Mr. Valencia re-alleges the allegations paragraphs 1-19 as if fully set forth herein.

21. DHL unlawfully discriminated against Mr. Valencia on the basis of his national origin and sex.

22. As a direct and proximate result of DHL's unlawful discriminatory conduct in violation of the Civil Rights Act, Mr. Valencia has suffered, and continues to suffer significant economic and severe emotional distress including embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

23. DHL's actions in discriminating against Mr. Valencia as alleged herein were outrageous, wanton, and oppressive, and were taking with legal and actual malice and in conscious disregard of, or with deliberate indifference to, Mr. Valencia's federally protected rights.

**WHEREFORE**, Plaintiff Mauricio Valencia respectfully requests that the Court enter judgment in his favor and award him the following relief: (a) an Order declaring that DHL violated his civil rights under the Civil Rights Act of 1964, and restraining and enjoining DHL from further such violations; (b) back pay, front pay, and pecuniary benefits lost as a result of DHL's unlawful discrimination against Mr. Valencia; (c) compensatory and punitive damages in an amount to be determined at trial to compensate his for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, loss of enjoyment of life, and detrimental impact on his health caused by DHL's unlawful actions; (d) a record correction to

remove the negative performance appraisals from his personnel file and replace it with one rating his at the "Exceeds Expectations" level in each performance area or a substantially similar correction; (e) attorneys' and paralegal's fees and costs incurred by Mr. Valencia; and (f) such other relief as may be just and appropriate.

## COUNT II

## DISCRIMINATION UNDER THE AGE DISCRIMINATION

24. Mr. Valencia re-alleges the allegations paragraphs 1-19 as if fully set forth herein.

25. DHL unlawfully discriminated against Mr. Valencia on the basis of his age.

26. As a direct and proximate result of DHL's unlawful discriminatory conduct in violation of the Age Discrimination Act, Mr. Valencia has suffered, and continues to suffer significant economic and severe emotional distress including embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

27. DHL's actions in discriminating against Mr. Valencia as alleged herein were outrageous, wanton, and oppressive, and were taking with legal and actual malice and in conscious disregard of, or with deliberate indifference to, Mr. Valencia's federally protected rights.

**WHEREFORE**, Plaintiff Mauricio Valencia respectfully requests that the Court enter judgment in his favor and award him the following relief: (a) an Order declaring that DHL violated his civil rights under the Age Discrimination Act, and restraining and enjoining DHL from further such violations; (b) back pay, front pay, and pecuniary benefits lost as a result of DHL's unlawful discrimination against Mr. Valencia; (c) compensatory and punitive damages in an amount to be determined at trial to compensate his for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, loss of enjoyment of life, and detrimental impact on his health caused by DHL's unlawful actions; (d) a record correction to remove the negative performance appraisals from his personnel file and replace it with one rating

his at the "Exceeds Expectations" level in each performance area or a substantially similar correction; (e) attorneys' and paralegal's fees and costs incurred by Mr. Valencia; and (f) such other relief as may be just and appropriate.

## COUNT III

### DISCRIMINATION UNDER FLORIDA CIVIL RIGHTS ACT
### (FLA. STAT. § 760.01 *et seq.*)

28. Mr. Valencia re-alleges the allegations paragraphs 1-19 as if fully set forth herein.

29. DHL unlawfully discriminated against Mr. Valencia on the basis of his national origin, sex, and age in violation of Fla. Stat. § 760.10.

30. As a direct and proximate result of DHL's unlawful discriminatory conduct in violation of Fla. Stat. § 760.10, Mr. Valencia has suffered, and continues to suffer significant economic and severe emotional anguish including embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

31. DHL's actions in discriminating against Mr. Valencia as alleged herein were outrageous, wanton, and oppressive, and were taking with legal and actual malice and in conscious disregard of, or with deliberate indifference to, Mr. Valencia's protected rights under the Florida Civil Rights Act.

**WHEREFORE**, Mr. Valencia respectfully requests that the Court enter judgment in his favor and award his the following relief:  (a) an Order declaring that DHL violated his civil rights under Fla. Stat. § 760.01 *et seq.*, and restraining and enjoining DHL from further such violations; (b) back pay and pecuniary benefits lost as a result of Mr. Valencia unlawfully being discriminated against; (c) compensatory and punitive damages in an amount to be determined at trial to compensate his for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, loss of enjoyment of life, and detrimental impact on his

health caused by DHL's unlawful actions; (d) record correction to remove the negative performance appraisals from his personnel file and replace it with one rating his at the "Exceeds Expectations" level in each performance area or a substantially similar correction; (e) attorneys' and paralegal's fees and costs incurred by Mr. Valencia; and (f) such other relief as may be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date: West Palm Beach, FL
February 13, 2024

Respectfully submitted,

McLAUGHLIN & STERN
CityPlace Office Tower
525 Okeechobee Blvd., Suite 1700
West Palm Beach, FL 33401
(561) 659-4020
Email: nsolomon@mclaughlinstern.com
*/s/ Neil B. Solomon*
Neil B. Solomon, Esq.
Florida Bar Number.: 0544973